**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| JAN GOSS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VELMA CHURCH, DECEASED, ET AL., | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | Cause No. 6:06-CV-251 |
| SCHERING-PLOUGH CORPORATION, ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND

Before the Court is the Plaintiffs' Motion to Remand (Doc. No. 7) for lack of subject matter jurisdiction. For the reasons below, the Court is of the opinion that the Plaintiffs' Motion should be granted.

### I. Background

Plaintiffs originally brought this cause of action in the 4th Judicial District Court of Rusk County, Texas, alleging wrongful death resulting from acute myelogenous leukemia, which was itself caused by benzene contained in dental adhesives. The Plaintiffs allege that the dental adhesives were manufactured by Defendants Schering-Plough Corporation ("Schering-Plough") and SmithKline Beecham Corporation and were sold by Defendants Brookshire Brothers Ltd. and Brookshire Brothers Pharmacy ("Brookshire Brothers") to

decedent Velma Church. It is undisputed that the Plaintiffs and the Brookshire Brothers defendants are citizens of the State of Texas.

Defendant Schering-Plough removed this case to federal court alleging that the Brookshire Brothers defendants had been improperly joined and invoking this Court's diversity jurisdiction. The Plaintiffs filed this motion to remand, in which they allege that Defendant Brookshire Brothers Ltd. and Brookshire Brothers Pharmacy are properly joined non-diverse defendants under Texas law.

## II. Removal and Remand

A defendant may remove a civil action to federal court if the federal court has diversity jurisdiction over the action. 28 U.S.C. § 1441(b). Diversity jurisdiction is established if the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing that the federal court's original jurisdiction exists and that the case is properly removable. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Doubts about the propriety of removal are to be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

A party claiming improper joinder must establish either (1) actual fraud in the pleadings of jurisdictional facts or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party under state law. *Travis v. Irby*, 326 F.3d 644, 647 (5th

Cir. 2003). When assessing alleged improper joinder under the second scenario, the Court must decide whether the complaint sets forth a cause of action against the non-diverse defendant such that there exists a reasonable possibility of recovery under state law. *Id*. at 648. The Fifth Circuit has noted a similarity between the test for fraudulent joinder under the second scenario and the test for assessing the sufficiency of a pleading under a Rule 12(b)(6) motion for failure to state a claim. *Id*. The Fifth Circuit has also indicated that a court considering whether a defendant is properly joined may "pierce the pleadings" and consider summary judgment-type evidence in the record to establish whether there exists a reasonable possibility of recovery. *Id.* at 649. When considering this type of evidence, however, the court must view all unchallenged factual allegations in the light most favorable to the plaintiff and should resolve any ambiguities or contested issues of fact in favor of the plaintiff. *Id*. The Fifth Circuit has also noted that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Id*.

### III.  Analysis

Defendant Schering-Plough asserts that removal is proper in this case because Plaintiffs' claim against Brookshire Brothers, the only non-diverse defendant, is barred by *Texas Civil Practice and Remedy Code* § 82.003. Under § 82.003, a non-manufacturing seller of a product is not liable for harm caused by that product *unless* the claimant can prove any one of several enumerated exceptions. TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon's 2005). One exception contained in § 82.003(a)(6) provides that a non-

manufacturing seller may be liable when a claimant proves that "(A) the seller *actually knew* of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect." *Id*. (emphasis added).

Schering-Plough admits that the Plaintiffs' complaint properly alleges that Brookshire Brothers knew of the alleged defect in the adhesives when it sold them to the decedent and that the decedent's harm was caused by the defect. Schering-Plough contends, however, that this is a case where the Court should "pierce the pleadings" to consider evidence that precludes the Plaintiffs' ability to establish Brookshire Brothers' liability, and it asks the Court to consider evidence in the form of an affidavit executed by Robert Gilmer, Brookshire Brothers's Vice President for Human Resources/Risk Management. In his affidavit, Mr. Gilmer testifies that Brookshire Brothers "had absolutely no knowledge that these products might contain benzene or had the alleged potential to cause cancer." (Def.'s Resp. Ex. A at 2.) Schering-Plough argues that because this undisputed evidence establishes that the Brookshire Brothers defendants did not have actual knowledge of any defect in the dental adhesives, there is no reasonable basis for imposing liability on Brookshire Brothers.

A corporation's liability often depends on the actions or knowledge of "agents of some character" or "vice principals," including that of (a) corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or absolute duties of the master; and (d) those to whom a master has confided the management of the whole or a department or division of his

business. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997) (citing *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 406 (Tex. 1934)). Mr. Gilmer's affidavit indicates that Brookshire Brothers "had no information whatsoever which suggested that these products might contain benzene or had the alleged potential to cause cancer until the heirs of Velma Church served Brookshire Brothers, Ltd. with this lawsuit," and Mr. Gilmer asserts that his statement is based on his own personal knowledge and his review of the records. (Gilmer Aff. at 2). Mr. Gilmer indicates that he has been employed in his current position at Brookshire Brothers for only five years, however, while the dental adhesives in question were sold prior to and during the period of their 1990–91 recall. Mr. Gilmer's statement, therefore, does not preclude the possibility that other vice principals or predecessors may have had knowledge sufficient to establish Brookshire Brothers's liability under Texas law.

Furthermore, the Plaintiffs' Reply identifies certain documents obtained from the Food and Drug Administration that relate to a manufacturers' recall of the subject dental adhesives and detail when manufacturers notified direct wholesalers and retailers that the adhesives contained benzene. (*See* Pl.'s Reply Ex. 1.) The Plaintiffs' information shows that some retailers continued to offer the subject products for sale several months after the recall notice. This information confirms an ambiguity as to whether Brookshire Brothers sold the subject products after the date of the recall notice.

Because Brookshire Brothers acknowledges that Brookshire Brothers may have sold the subject products, and because Mr. Gilmer's testimony alone is not sufficient to establish that Brookshire Brothers had no knowledge that the products might contain benzene, the Court finds that an ambiguity or contested issue of fact exists as to Brookshire Brothers's knowledge and that Scherring-Plough has not met the heavy burden required to support removal on the basis of improper joinder. *See Travis*, 326 F.3d at 649.

## IV. Conclusion

Because ambiguities and contested issues of fact must be resolved in the Plaintiffs' favor, the Court finds that there exists a reasonable possibility of recovery against Brookshire Borthers Ltd. and Brookshire Brothers Pharmacy, that this court lacks subject matter jurisdiction over this cause, and that this case should be remanded to the 4th Judicial District Court of Rusk County, Texas. It is therefore

**ORDERED** that the above-entitled and numbered civil action is hereby REMANDED to the 4th Judicial District Court of Ruck County, Texas. It is further

**ORDERED** that the above-entitled and numbered civil action is hereby CLOSED.

**It is so ORDERED.**

**SIGNED this 30th day of August, 2006.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE